**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DE LOIS PHILLIPS, INDIVIDUALLY,** | § | |
| **AND AS INDEPENDENT EXECUTRIX** | § | |
| **OF THE ESTATE OF FRED STEVEN** | § | |
| **PHILLIPS, DECEASED, AMY** | § | |
| **LEANNE PHILLIPS, LAURA KYLENE** | § | **1-24-CV-775-RP** |
| **PHILLIPS SUBLETT, KALLI** | § | |
| **JANETTE PHILLIPS JACKSON, AND** | § | |
| **STEFANIE DENE' PHILLIPS** | § | |
| **FELLER,** | § | |
|        **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **JOHNSON & JOHNSON, J&J** | § | |
| **HEALTHCARE SYSTEM, INC.,** *aka* | § | |
| **JOHNSON & JOHNSON HEALTH** | § | |
| **CARE SYSTEMS, INC., and ETHICON** | § | |
| **US, LLC,** | § | |
|        **Defendants.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Defendants Johnson & Johnson ("J&J"), J&J Healthcare System, Inc.

a/k/a Johnson &Johnson Health Care Systems, Inc. ("JJHCS"), and Ethicon US, LLC ("EUS")

(collectively, "Defendants") Motion to Dismiss (Dkt. 8) and all related briefing.[1] Having

considered the pleadings, the relevant case law, and the entire case file, the undersigned submits

the following Report and Recommendation to the District Judge.

---

[1] The motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated October 17, 2024.

## I.    BACKGROUND

On September 15, 2021, Fred Steven Phillips underwent a procedure to surgically remove a section of his transverse colon (colectomy) that had precancerous tissue. Dkt. 7 (SAC) ¶ 9. The surgeon used an "Ethicon Proximate Linear Cutter 75MM" ("Stapler") to reconnect two ends of the colon where a middle section of the colon has been removed, known as stapled colocolonic anastomosis. *Id*. ¶¶ 9-10. However, a hole in the staple line was discovered on September 23, 2021. *Id*. ¶ 17. The hole allowed fecal matter to leak from Phillips's colon into his abdomen, causing sepsis and eventually death. *Id*.

Plaintiffs—Phillips's—family members assert the Stapler and/or Stapler Cartridge were unmerchantable. They bring this case ("*Phillips II*") against Defendants, who marketed and sold the Stapler and Stapler Cartridge. *Id*. ¶¶ 37-69. Defendants move to dismiss under res judicata and collateral estoppel because Plaintiffs' identical claims against Ethicon Endo-Surgery, Inc. ("EES"), an entity related to Defendants, were dismissed with prejudice. *See Phillips v. Ethicon Endo-Surgery, Inc.*, 1:23-CV-515-RP ("*Phillips I*"). Plaintiffs argue that res judicata and collateral estoppel should not apply.

## II.    STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action,"

or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## III. ANALYSIS

### A.  Res Judicata

Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction;

(3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id.*

There is no dispute this court had competent jurisdiction to enter judgment in *Phillips I*. Nor is there any dispute that the claim in *Phillips I* is identical to those here or that *Phillips I* was concluded by a final judgment on the merits. The court finds those elements are satisfied—this court had jurisdiction, both cases presented an implied warranty of merchantability claim, and *Phillips I* ended with a final judgment on the merits. Additionally, Plaintiffs in *Phillips I* and *Phillips II* are the same. Plaintiffs only challenge res judicata's privity requirement as to Defendants.

"'Privity' is recognized as a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified." *Sacks v. Texas S. Univ.*, 83 F.4th 340, 346 (5th Cir. 2023), cert. denied, 144 S. Ct. 2520 (2024) (quoting *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992)). The Fifth Circuit has recognized privity in three circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id.* (quoting *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990)).

Privity an elusive and manipulable concept; it is nothing more than a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Meza*, 908 F.2d at 1266. Somewhat less settled is the principle that a non-party is bound where a party to the original suit is "so closely aligned to the non-party's interests as to be his virtual representative." *Id.* at 1267 (citing *Aerojet–General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975)). Whether parties are so closely aligned as to

be virtually represented in the prior suit is a fact question for the trial court. *Aerojet–General Corp.*, 511 F.2d at 719.

In *Phillips I*, final judgment was entered in favor of Defendant Ethicon Endo-Surgery, Inc. ("EES"). In this suit, Plaintiffs assert claims against Defendants Johnson & Johnson ("J&J"); J&J Healthcare System, Inc. a/k/a Johnson & Johnson Health Care Systems, Inc. ("JJHCS"); and Ethicon US, LLC ("EUS").  J&J is the parent company of EES, JJHCS, and EUS,[2] making EES, JJHCS, and EUS sister companies. Additionally, EES (of *Phillips I*) is EUS's (of *Phillips II*) sole member. Dkt. 1 ¶ 20. Defendants argue their relationships to EES are sufficient to establish privity such that the final judgment in *Phillips I* bars the claims against them here. Dkt. 8 at 11-12 (citing *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) (finding relationships among various entities involved in same large-scale farming enterprise "sufficiently close to bind all of them . . . to the judgment in the [prior action]," including wholly owned subsidiaries, and a "complex web of partnerships and corporations")).

Plaintiffs argue for a narrower privity application. Ultimately quoting *Pollard v. Cockrell*, 578 F.2d 1002, 1009 (5th Cir. 1978), Plaintiffs argue a non-party's interests are only adequately represented by a party to the original suit when the parties are "estate beneficiaries bound by administrators, presidents and sole stockholders by their companies, parent corporations by their subsidiaries, and a trust beneficiary by the trustee." However, the Fifth Circuit has applied privity through virtual representation in broader circumstances. *See Sw. Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 98 (5th Cir. 1977) ("In other words, the relationship between the city as public enforcer of the ordinance and the airlines as private enforcers is close enough to preclude

---

[2] *See*, *e.g.*, Jan. 1, 2023 SEC 10-K Form for Johnson & Johnson, https://www.sec.gov/Archives/edgar/data/200406/000020040623000016/ex21-subsidiariesxform10xk.htm (last visited March 5, 2025).

relitigation."); *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992) (holding there is sufficient privity between husband and wife to bind the wife to the judgment in the suit brought by her husband); *see also Rabo Agrifinance, Inc.*, 583 F.3d at 353 (cited by Defendants).

J&J is the parent company of EES (of *Phillips I*). As such, there is sufficient privity between them to apply res judicata. Similarly, EES is EUS's sole member. There is sufficient privity between EES and EUS such that res judicata should apply. This leaves JJHCS, EES's sister company. Plaintiffs' own pleadings in *Phillips I* demonstrate the close relationship between JJHCS and EES. In *Phillips I*, Plaintiffs pleaded "EES marketed and sold said Stapler and Staples through J & J Healthcare Systems, Inc. [(JJHCS)]. J & J Healthcare Systems, Inc. [(JJHCS)] was a business entity that marketed and sold the Stapler and Staples for and on behalf of EES." *Phillips I*, Dkt. 16 (FAC) ¶ 12. Thus, EES and JJHCS's interests in *Phillips I* were so closely aligned that JJHCS is in privity with EES for the claims asserted in *Phillips I*. Accordingly, Plaintiffs claims against JJHCS here are barred by res judicata.

**B. Collateral Estoppel**

Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Test Masters*, 428 F.3d at 572. Plaintiffs do not dispute that these elements are satisfied. The court similarly finds these elements are satisfied. The issue in both suits was whether the Stapler and Staples violated an implied warranty of merchantability; that issue was squarely addressed in *Phillips I*, and that issue was a necessary part of the judgment in *Phillips I*.

Plaintiffs' only argument is that collateral estoppel is an equitable doctrine and the court should decline to apply it here. Plaintiffs argue their "current pleadings in this case adequately alleges their breach of implied warranty of merchantability claim, and Plaintiffs' motion for reconsideration in the prior case lays out Plaintiffs' intent to file that same pleading in the prior case, and that they only held off on doing so in reliance on the presumption that EES intended to mediate in good faith, that EES believed an amended pleading so close to the mediation date would compromise EES's ability to mediate, and that Plaintiffs would have additional time to amend after mediation." Dkt. 9 at 8. The District Judge dismissed Plaintiffs' breach of implied warranty of merchantability claim with prejudice in *Phillips I* and denied their motion to reconsider based on this very same argument. *Phillips I*, Dkt. 39 at 8-9, 13-15.

Having lost in *Phillips I*, Plaintiffs filed this suit against new entities related to EES[3] based on the exact same facts and conduct. Plaintiffs appear to believe they should be allowed pleading mulligans until they can finally adequately plead a claim against a J&J entity. All told, in these two cases, Plaintiffs have filed no less than five Complaints. *Phillips I*, Dkts. 1, 16; *Phillips II*, Dkts. 1-1, 1-2, 7. But, the District Court has already rejected Plaintiff's position that they be allowed do-overs until they can finally get it right. Interests of judicial finality also counsel against allowing Plaintiffs to go forward with these claims.

Accordingly, the undersigned will recommend that Defendants' motion be granted and this suit be dismissed with prejudice.

---

[3] As Defendants point out, EES was originally a defendant in this case until Plaintiffs amended their Complaint to exclude EES after Defendants first moved to dismiss on res judicata and collateral estoppel grounds. *See* Dkt 1-1 (Original Complaint), Dkt. 1-2 (First Amended Complaint), Dkt. 6. Additionally, J&J was originally named a party in *Phillips I*. *See* Dkt. 1.

## IV.    RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' Motion to Dismiss (Dkt. 8) and dismiss this case with prejudice.

## V.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED March 11, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE